REGAN, Judge.
Plaintiff, Roselee Edgar, who was a passenger in the automobile operated by Nolan Johnson, instituted this suit against the defendant, Aetna Casualty and Surety Company, the liability insurer of Thomas Vaughn and the New Orleans Cigarette *267 Service, endeavoring to recover the sum of $40,650, representing personal injuries and medical expenses incurred on February 9, 1958 at 5 :20 p. m. as the ultimate result of an intersectional collision in Bienville and N. Claiborne Avenue in the City of New Orleans.
Defendant answered and denied that its insured’s negligence was the proximate cause of the accident and, in the alternative, pleaded the contributory negligence of Johnson, the operator of the car in which plaintiff was a passenger, and then asserted that his negligence is also imputable to the plaintiff herein, since she was the registered owner and passenger in the vehicle.
The Board of Administrators of the Charity Hospital of Louisiana at New Orleans intervened, requesting that, in the event of the rendition of judgment in favor of the plaintiff, it have judgment in solido against both the defendant and plaintiff in the amount of $822.60 together with attorney’s fees.
From a judgment awarding plaintiff $6,-000 and the Charity Hospital $822.60, defendant has prosecuted this appeal. Plaintiff has answered the appeal requesting that the award be increased from $6,000 to $10,-000.
This case was consolidated with a similar suit arising out of the same accident in order to facilitate and expedite the trial thereof. The suit referred to is entitled Emmco Insurance Co. v. Aetna Casualty & Surety Co., La.App., 117 So.2d 269.
In that case Emmco Insurance Company, the subrogee collision insurer of Roselee Edgar and her co-insured, the Associates Discount Company, who held a chattel mortgage on the car, sued the defendant endeavoring to recover $420.22, representing the amount that this plaintiff had paid to reimburse Associates Discount Company for the property damage to the automobile.
The record reveals that Nolan Johnson, the operator of the vehicle in which plaintiff and Liz Williams were passengers, related that he was driving in the right lane of the Canal Street bound roadway of N. Claiborne Avenue, moving about 25 or 30 miles per hour; he was positive that there were no vehicles driving in the left traffic lane; when he was a short distance removed from the roadway which intersects the neutral ground of N. Claiborne Avenue at Bienville Street, he noticed that the defendant was stopped in the neutral ground area, awaiting an opportunity to cross the street. He, in effect, said thereafter the events leading up to the accident transpired with such rapidity that he remembers few details thereof except that Vaughn suddenly endeavored to cross N. Claiborne Avenue in order to enter the lakebound roadway of Bienville Street, at which time his vehicle was struck on the left front side by the Vaughn automobile.
Plaintiff, Roselee Edgar, who was a passenger seated on the right front seat, testified that Johnson was operating the vehicle in the right lane of the Canal Street bound roadway of N. Claiborne Avenue at a speed of between 30 and 35 miles per hour and that the Vaughn vehicle struck the left front side of the Johnson vehicle. Since the collision happened so unexpectedly, she, too, knew little else about the manner in which it occurred.
Liz Williams, a passenger seated in the rear seat, related that she did not know how the accident occurred and it was her opinion that prior to the accident, Johnson was moving in the right lane of N. Claiborne Avenue at 15 to 25 miles per hour.
Washington Simon, an eye-witness, appeared on behalf of the plaintiff and testified that he was also driving in the right lane of the Canal Street bound roadway on N. Claiborne Avenue, moving about 25 or 30 miles per hour and was following the Johnson vehicle, which was approximately 25 feet in front of him. He then related that he noticed the Vaughn vehicle stopped, facing the lake, in the roadway which intersected the neutral ground of N. Claiborne Avenue; he then very pertinently related his version of the accident:
*268 “There was an automobile sitting in Bienville Street, headed toward the lake; * * *. I was looking at him sitting there, watching how he was going to do and all of a sudden, he just shot out. When he shot out, he ran into this car ahead of me; to keep from being a three-automobile accident, I swerved around there, * *
The only thing about which this witness seemed to be confused was the day on which the accident happened. He believed it occurred on a Tuesday, when, in fact, it occurred on a Sunday.
William Flores, a policeman who investigated the accident, appeared on behalf of the plaintiff and related that in his opinion the Johnson vehicle struck the car driven by Vaughn since it was damaged below the right rear window and the left front of the Johnson .vehicle was damaged. He related that the point of impact occurred in the right lane of N. Claiborne Avenue about three feet inside of Bienville Street. He said that Johnson told him that he was moving between 15 and 20 miles per hour when the collision occurred. The skid marks impressed upon the roadway by the Johnson vehicle measured 20 feet and started 16 or 17 feet inside of the Bienville Street curb line. He estimated that the Johnson vehicle prior to the accident was moving at a speed of between 35 and 36 miles per hour and that the speed limit in the area is 35 miles per hour.
On the other hand, defendant’s assured, Vaughn, testified that he was driving in Bienville Street toward the lake and came to a stop in the neutral ground roadway of Bienville facing the lakeside roadway of N. Claiborne Avenue, which services traffic moving toward Canal Street. He then observed three or four cars approaching him at a moderate rate of speed from the left lane of N. Claiborne Avenue, when they were 50 to 60 feet removed from the intersection. Believing that he could safely cross, he entered the intersection; simultaneously the vehicle in the left lane, which was operated by Johnson, swung into the right lane and drove toward him. At that moment he noticed that the Johnson vehicle was approximately 40 feet from him. In any event, the Johnson vehicle struck the Vaughn car in the right rear and pushed it a distance of eight to twelve feet.
Edward Gervais appeared as an eye-witness on behalf of defendant and testified that he was driving in Bienville Street toward the river and came to a stop facing the lakeside lane on N. Claiborne Avenue. He also noticed the Vaughn vehicle stopped in the neutral ground. He then saw three vehicles in the left or neutral ground lane of traffic driving 25 to 30 miles per hour and that when Vaughn entered the intersection at a speed of six to seven miles per hour the vehicles were approximately 50 to 75 feet from him. He explained, that the vehicle driven by Johnson was the third vehicle in line and that he “swung out” from the left or neutral ground lane of traffic into the right lane when he was approximately 40 to 45 feet from the intersection, and at that time, the Johnson vehicle was moving at approximately 40 to 45 miles per hour.
Philip Faquet of the Independent Appraisal Company appeared as a witness on behalf of defendant and related that he examined the Vaughn vehicle after the accident and that the right quarter panel and rear door were damaged.
While the record reflects considerable difference of opinion relating to which vehicle struck the other, we believe that the evidence preponderates to the effect that the left front of the Johnson vehicle struck the right rear of the Vaughn car. However, we consider this fact insignificant in view of the result which we have agreed should be reached herein.
The foregoing résumé of the testimony reveals that only questions of fact were posed for the trial court’s consideration. The judge thereof obviously accepted Johnson’s version, of the manner in which the accident occurred and, therefore, concluded that he was free- from any neg *269 ligence which contributed to the accident and that the proximate cause thereof was the negligence of defendant’s assured in leaving a position of safety, that is, the neutral ground roadway of N. Claiborne Avenue and entering this congested intersection at a time when it was not safe to do so.
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony in an effort to reconcile the irreconcilable, that is, the respective litigants’ versions of the manner in which the accident occurred.
The trial judge accepted the plaintiff’s witnesses’ version thereof and'our analysis •of the record convinces us that the evidence preponderates in his favor, and the judgment is therefore' correct.
Plaintiff, a woman-59 years of age, incurred as a result of this accident a fractured hip. She was treated at Charity Hospital and she was in traction-for four weeks and then placed in a cast extending from her right foot to her waistline and down to her left knee. She remained in the hospital for six weeks, during which-time she wore the cast two weeks, and'the medical testimony preponderates to the effect that her inactivity resulting from confinement in- bed caused' the development of thrombophlebitis, a condition characterized by clotting of the blood,' which impedes proper circulation- and ultimately results in swelling of the affected members. Since the date of the accident, she has suffered recurrent pain in the hip and intermittent swelling of both legs, primarily the right leg.
For these injuries the trial court awarded the sum of $6,000, which we believe to be adequate insofar as money may make it so.
For the reasons assigned, the judgment appealed from is affirmed
Affirmed.
McBRIDE, J., absent.